**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **AEONS CENTRO DE ADMINISTRACAO DE EMPRESAS, LTD.,** : : : | |
| **Plaintiff,** : : | **CIVIL NO.: BEL-11-3447** |
| **v.** : : | |
| **CENTRAL BANK OF NIGERIA,** : : | |
| **Defendant.** | |

…o0o…

## REPORT AND RECOMMENDATION

This Report and Recommendation addresses the Complaint for Confessed Judgment that Plaintiff Aeons Centro de Administracao de Empresas, Ltd. ("Aeons") filed against Defendant Central Bank of Nigeria ("Central Bank"), ECF No. 1, and the supplemental filing that Aeons submitted, ECF No. 5.[1]  For the reasons stated herein, I recommend that the Clerk of the Court enter the confessed judgment.

Local Rule 108.1.a requires that a plaintiff that seeks entry of a confessed judgment file a complaint, accompanied by:

    1. the written instrument that

        (a) authorizes the confessed judgment; and

        (b) entitles the plaintiff to a claim for liquidated damages;

    2. an affidavit of the plaintiff or someone on behalf of the plaintiff, stating:

---

[1] On December 2, 2011, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302, Judge Legg referred this case to me to review Plaintiff's Complaint for Confessed Judgment.  ECF No. 3.

      (a) the circumstances under which the defendant executed the written instrument;

      (b) the age and education of the defendant, if known;

      (c) the amount due under the written instrument; and

      (d) the defendant's post office address (including the street address if needed to effect mail delivery).

Upon review of these documents, the Court may direct the entry of judgment upon a finding that they prima facie establish:

    1. the defendant's voluntary, knowing, and intelligent waiver of:

      (a) the right to notice; and

      (b) a prejudgment hearing on the merits of the plaintiff's liquidated damages claim; and

    2. the plaintiff's meritorious claim for liquidated damages against the defendant.

Loc. R. 108.1.b.

Here, Plaintiff attached to its Complaint a document titled Payment Guarantee and Settlement Agreement ("Guarantee" or "Guar."), ECF No. 1-1, which is a "written instrument authorizing the confessed judgment and entitling Plaintiff to a claim for liquidated damages." *See* Loc. R. 108.1.a. Plaintiff also attached the Affidavit of Owen Rice, Plaintiff's Attorney-in-Fact. Rice Aff. ¶ 3, ECF No. 1-5. The Affidavit describes in detail the circumstances under which Defendant executed the Guarantee. Rice Aff. ¶¶ 5-12. Although the Affidavit does not state the ages of Defendant's representatives, it states that "competent experienced bankers and lawyers" represented Defendant throughout the negotiation and execution of the Payment Guarantee and Settlement Agreement. *Id.* ¶ 4. Further, it states the education of Defendant's representatives, noting that three had Ph.D.s in economics, one had been an attorney since 1979, and one appeared to have been an attorney for more than twenty years. *Id.* at 2-5, nn. 1, 4-7.

Also, the Affidavit notes that the representatives have held positions in the Nigerian government such as Minister of Finance, Minister of National Planning, Attorney General, Minister of Justice, and Chief Economic Adviser to the President, and positions in banking such as Vice President and Corporate Secretary, Executive Director, Chief Executive Officer, Head of Corporate and International Banking, and Deputy Governor. *Id.* Their education and experience suggests that none of the representatives is younger than forty years old. The Affidavit states that, as of November 19, 2011, $181,817,894.74 is due under the written instrument, and it explains how the amount was calculated under the Guarantee. Rice Aff. ¶¶ 9-10 & Ex. 6, ECF No. 1-11. Additionally, the Affidavit provides Defendant's post office address. Rice Aff. ¶ 32. Thus, the Complaint and accompanying documents substantively meet the requirements of Local Rule 108.1.a.

The Payment Guarantee and Settlement Agreement does not state verbatim that Defendant voluntarily, knowingly, and intelligently waived its right to notice and a prejudgment hearing. Nonetheless, Defendant's highly educated and experienced representatives, two of whom were attorneys, negotiated and signed the Guarantee, which states:

> The GUARANTOR [Defendant] further expressly agrees that the United States District Court in and for Maryland may enter a Judgment by Confession upon the filing of a complaint, the "legalized" original or a photocopy of this PAYMENT GUARANTEE AND SETTLEMENT AGREEMENT (as amended) and an affidavit specifying the Amount due, and the address specified below in Notices to GOVERNMENT and to GUARANTOR.

Guar. 2. To experienced counsel, this paragraph would make clear that the Court would enter the confessed judgment without prior notice to Defendant. Moreover, in the Guarantee, Defendant waived "notice of any default or nonperformance of GOVERNMENT" and "all defenses, offsets and counterclaims which [Defendant] may at any time have to any claim of AEONS against the GOVERNMENT." *Id.* Thus, having reviewed the Complaint, Affidavit,

Exhibits, and Aeons's supplemental filing, I find that these documents make a prima facie showing that Defendant, through its representatives, voluntarily, knowingly, and intelligently waived its right to notice and a prejudgment hearing, and that Plaintiff's claim for liquidated damages against Defendant is meritorious.  *See* Loc. R. 108.1.b.  Therefore, I recommend that the Court direct the Clerk to enter the confessed judgment and to ensure that notice of this entry is provided to Defendant at Plot 33, Abubakar Tafawa Balewa Way, Central Business District, Cadastral Zone, Abuja, Federal Capital Territory, Nigeria, pursuant to Local Rule 108.1.c.

The parties have fourteen (14) days in which to file objections to this Report and Recommendation pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.


Dated: January 24, 2012                                    /s/
                                                    Paul W. Grimm
                                                    United States Magistrate Judge

lyb