**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| AEONS CENTRO DE ADMINISTRACAO DE EMPRESAS LTD, | : | |
| | : | |
| Plaintiff | | |
| | : | |
| v. | | Civil Case No. L-11-3447 |
| | : | |
| CENTRAL BANK OF NIGERIA, | : | |
| | | |
| Defendant | : | |

o0o
**MEMORANDUM**

Presently pending is Defendant's consolidated Motion to Vacate Confessed Judgment and to Dismiss. Docket No. 13. For the reasons stated herein, I will, by separate Order of even date, adopt in full the Report and Recommendation of United States Magistrate Judge Paul W. Grimm as to the pending Motion. The Motion will be GRANTED, the case REOPENED, and the Complaint DISMISSED.

**I.    BACKGROUND**

On November 30, 2011, Plaintiff Aeons Centro De Administracao De Empresas LTD ("Aeons"), a Portuguese corporation, instituted suit by filing a Complaint for Confessed Judgment against Defendant, the Central Bank of Nigeria. Docket No. 1. Aeons averred that the parties had entered into a "Payment Guarantee and Settlement Agreement," the terms of which authorized the entry of judgment by confession and specified this Court as the forum for resolution of all disputes.

1

On December 2, 2011, pursuant to 28 U.S.C. § 636 and Local Rules 301.6.ak and 302, I referred the Complaint to Judge Grimm for review and, if appropriate, entry of judgment.  See Docket No. 3.  Judge Grimm issued his Report and Recommendation on January 24, 2012, finding that the documents filed by Aeons made a prima facie showing that the Central Bank of Nigeria, through its representatives, voluntarily, knowingly, and intelligently waived its right to notice and a prejudgment hearing, and that Aeons' claim for liquidated damages was meritorious.  Docket No. 6.  Accordingly, judgment by confession was entered on January 31, 2012 in the amount of $190,285,071.16 plus attorney's fees and interest.  Docket No. 9.

On March 6, 2012 the Central Bank of Nigeria, having received notice of the judgment against it, filed the pending Motion to Vacate and to Dismiss.  Docket No. 13.  It alleged that Aeons had been the victim of an unfortunate scam, that it had entered into no agreement of any kind, and that the documents proffered by Aeons in support of the Complaint were "forgeries and frauds."  Id. at 1, 7.  Again, I referred the case to Judge Grimm for a Report and Recommendation.

On July 3, 2012, following full briefing by the parties, Judge Grimm issued his second Report and Recommendation.  Docket No. 27.  Because Judge Grimm found that the Central Bank of Nigeria had submitted evidence that, if believed, would constitute a meritorious defense, he recommended that the case be reopened and the confessed judgment vacated.  Id. at 7.  Judge Grimm further recommended that the Complaint be dismissed for forum non conveniens because the case is properly brought in Nigeria and not in this Court.  Id. at 13.

Aeons timely filed an Objection to the Report and Recommendation.  Docket No. 28.  Aeons explicitly did not object to those portions recommending that the confessed judgment be vacated, and nor did it object to Judge Grimm's rejection of the Central Bank of Nigeria's

alternative grounds for dismissal, which included lack of subject matter jurisdiction, lack of personal jurisdiction, and lack of standing. Aeons did object, however, to dismissal of its case for <u>forum non conveniens</u>. <u>Id.</u> at 2. The Central Bank of Nigeria filed no objection.

I. **LEGAL STANDARDS**

   a. **Review of Report and Recommendation**

A reviewing "judge . . . shall make a <u>de novo</u> determination of those portions of the [magistrate judge's] report . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C). The judge "may accept, reject, or modify, in whole or in part, the findings or recommendations," and "may also receive further evidence or recommit the matter to the magistrate judge with instructions." <u>Id.</u>; <u>see also</u> Fed. R. Civ. P. 72(b)(3). As to those portions to which no specific, written objection is made, the court need "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

   a. **Dismissal for <u>Forum Non Conveniens</u>**

A court may dismiss under the common-law doctrine of <u>forum non conveniens</u> even if the court has jurisdiction and the venue is proper. <u>Am. Dredging Co. v. Miller</u>, 510 U.S. 443, 448 (1994). Federal district courts have "discretion to dismiss a case 'when an alternative forum has jurisdiction to hear [the] case, and . . . trial in the chosen forum would establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience, or . . . the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems.' " <u>Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.</u>, 549

U.S. 422, 429 (2007) (quoting Am. Dredging Co., 510 U.S. at 447–48 (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 (1981) (quoting Koster v. (Am.) Lumbermens Mut. Cas. Co., 330 U.S. 518, 524 (1947))))).

## II.   ANALYSIS

As to those portions of the Report and Recommendation to which no objection has been lodged, I discern no clear error. The recommendation to grant dismissal on the grounds of forum non conveniens must be reviewed de novo.

Having reviewed Judge Grimm's analysis and conclusions of law on this latter point, I find them to be entirely correct, and I adopt them as my own. The United States District Court for the District of Maryland would appear, in nearly all respects, to be an extraordinarily inconvenient forum for all parties concerned. Aeons is a dissolved Portuguese corporation whose founder, controlling shareholder, and operational manager, Helder de Moraes e Castro Pina, resides in Portugal. See Pina Aff., Docket No. 24-2. The Central Bank of Nigeria, its governing officials, and other members of the government of Nigeria are, self-evidently, located in Nigeria. Indeed, other than the designation of this Court in the forum selection clause of the Payment Guarantee—a document that the Central Bank of Nigeria vehemently labels a forgery— the parties and their alleged dealings would seem to have no connection to this jurisdiction whatsoever.

Moreover, a central issue to the litigation will be the authenticity of the documents relied upon by Aeons, including the Payment Guarantee, the underlying contract, and various other instruments purporting to have been issued by the Nigerian Government.[1] The individuals who

---

[1]   As Judge Grimm noted, Aeons has failed to submit a copy of the underlying contract, pursuant to which it claims to have been originally entitled to payment.

are asserted to have drafted and executed these documents, as well as other critical witnesses, are overwhelmingly likely to be located in Nigeria.[2]  Moreover, Nigerian courts will be far better suited than this Court to examine and determine the authenticity of ostensible Nigerian government documents.

Aeons premises the bulk of its Objection on the proposition that the Court should not deny the parties their chosen forum.  Aeons further asserts that it was the Central Bank of Nigeria which, during the parties' negotiations, first suggested this district, and that as such it cannot now be heard to complain.  This argument must fail for two reasons.  First, the presumption that forum non conveniens should not be invoked to rob a plaintiff of its chosen forum "applies with less force" when the plaintiff has not specified its home forum; such a circumstance makes it less reasonable to assume that the selection was predicated on convenience.  Piper Aircraft, 454 U.S. at 256.  "Because the central purpose of any forum non conveniens inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference."  Id.

Second, and more importantly, Aeons' argument presupposes the favorable resolution of a question that is still very much unresolved: the authenticity of the Payment Guarantee itself.  Aeons cannot bootstrap itself into court in this district by relying on a forum selection clause contained in a contested document, the Defendant's valid execution of which is at the very heart of the litigation.  The validity of the Payment Guarantee, and thus of the forum selection clause, cannot be resolved without an evidentiary hearing.  A decision to hold the hearing in this district

---

[2]     Aeons asserts in its objection that this Court will be a convenient forum because Dr. Ngozi Okonjo-Iweala, the Nigerian Minister of Finance and a likely witness, allegedly resides in Potomac, Maryland.  The presence of a single witness, however, is insufficient to outweigh the significant inconvenience to the remainder who would be, not only outside this district and beyond the Court's subpoena power, but outside the United States.

would impose significant burdens on the Central Bank of Nigeria and its witnesses, before it had been established that they agreed to subject themselves to litigation in a distant court.

### III.   CONCLUSION

For the above-stated reasons, I adopt and approve the Report and Recommendation issued by Judge Grimm.  A separate Order follows.

Dated this 3rd day of August, 2012

/s/
_____
Benson Everett Legg
United States District Judge